# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DEMETRIUS LYLES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden<br><br>　　　　　　Respondent.<br>_____ / | 1:07-cv-01155-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 6, 2007. In the instant petition, Petitioner raises the following claims (1) denial of legal access resulted in rules violation report; (2) the library was aware of pending legal deadline and was slow in issuing ducket; (3) limited access to the law library; and (4) the disciplinary action has delayed his parole date.

A.　**Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

1 dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not
2 be dismissed without leave to amend unless it appears that no tenable claim for relief can be
3 pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.     Failure to State Cognizable Federal Habeas Claim

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Only Ground Four of the instant petition is arguably cognizable pursuant to § 2254.  Grounds One, Two, and Three challenge the conditions of Petitioner's confinement, not the fact or duration of that confinement.  Thus, he is not entitled to habeas corpus relief on these grounds and they must be dismissed.  Should Petitioner wish to pursue these claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Grounds One, Two, and Three of the instant petition be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
4  and filed within ten (10) court days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
8  Cir. 1991).

9  IT IS SO ORDERED.

10 **Dated:    August 16, 2007**                           /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE