# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DEMETRIUS LYLES, | 1:07-cv-01155-LJO-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KEN CLARK, Warden | [Doc. 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on August 6, 2007. Petitioner challenges a disciplinary hearing wherein he lost 90 days of credit which was subsequently restored. On October 16, 2007, several of the claim were dismissed as not cognizable under § 2254. (Court Doc. 6.) The only remaining claim before the Court is whether the recalculation of Petitioner's parole release date was incorrect.

Respondent filed the instant motion to dismiss the petition on January 3, 2008. Petitioner did not file an opposition.

## STATEMENT OF PERTINENT FACTS

On September 8, 2006, Petitioner was found guilty of delaying a peace officer. (Exhibit 1, Rules Violation Report, Log No. G-06-08-013.) Petitioner was assessed with a credit

1

forfeiture of 90 days.  (Id.)  The forfeited days were subsequently restored on April 20, 2007. (Exhibit 2, Classification Chrono, CDC 128G, dated 4/20/07.)  Petitioner contends that two state court petitions have bee filed regarding the issues raised in this petition. (Petition, at 3-4.)  Both petitions are currently pending before the state courts.  (Id.)

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

1  829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
2  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
3  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
4  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
5  Additionally, the petitioner must have specifically told the state court that he was raising a
6  federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
7  F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court
8  violated his due process rights "he must say so, not only in federal court but in state court."
9  Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is
10 insufficient to present the "substance" of such a federal claim to a state court. See Anderson v.
11 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
12 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
13 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
14 must include reference to a specific federal constitutional guarantee, as well as a statement of the
15 facts which entitle the petitioner to relief.").

16     Additionally, the petitioner must have specifically told the state court that he was raising
17 a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
18 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
19 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
20 Supreme Court reiterated the rule as follows:

21     In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
22     state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks
23     omitted). If state courts are to be given the opportunity to correct alleged violations
       of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
24     are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due
25     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.
26
   Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:
27
           Our rule is that a state prisoner has not "fairly presented" (and thus
28     exhausted) his federal claims in state court *unless he specifically indicated to*

                                                    3

> *that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner does not indicate whether he has filed a petition in the California Supreme Court. Instead, Petitioner contends that he filed two state habeas petitions, one in the superior court and the other in the appellate court. (Petition, at 3-4.) The filing of habeas petitions in the superior and appellate court is not sufficient to exhaust the state court remedies.

Moreover, Respondent submits that he only discovered one petition filed in the California Supreme Court by Petitioner, which challenged his underlying conviction, rather than the prison disciplinary matter at issue in the instant petition. (Exhibit 3, Cal. Sup. Ct. Online Case Summary, Case No. S153251, attached to Motion.) The underlying state court case before the California Supreme Court was Petitioner's criminal appeal before the California Court of Appeal, Second Appellate District case number B187100. (Exhibit 4, Court of Appeal, Second Appellate District case number B187100, attached to Motion.) The appellate court reviewed Petitioner's criminal conviction stemming from the Los Angeles County Superior Court. (<u>Id</u>.; Exhibit 5, Abstract of Judgment, dated 11/4/05, attached to Motion.) Because Petitioner has not given the California Supreme Court the full and fair opportunity to address the claims raised in the instant petition, it must be dismissed, without prejudice, for lack of exhaustion.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for lack of exhaustion be

1           GRANTED; and,

2      2.     The instant petition for writ of habeas corpus be DISMISSED, without prejudice.

3       This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 22, 2008**                      /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE